# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**SOUTHERN TOWING & TRANSPORT, LLC., AND GONZALES TOWING AND REPAIR, INC.**

**CIVIL DOCKET NO.: 3:23-cv-00473**

**VERSUS**

**JUDGE JACKSON**

**CITY OF GONZALES**

**MAG. JUDGE WILDER-DOOMES**

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, the **City of Gonzales**, for the purpose of answering the Plaintiffs' Petition for Injunctive and/or Declaratory Relief and Damages (hereafter referred to as "Plaintiffs' Complaint"), and for asserting affirmative defenses, as follows, to wit:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim for which this Court may grant relief. Therefore, the Plaintiff has no cause of action as to the Defendant. The Defendant also reserves the right to assert all motions and issues under F.R.C.P. Rule 12.

### SECOND DEFENSE

The Defendant pleads both aspects of qualified immunity with respect to the Plaintiffs claims – that being immune from suit and being immune from liability.

### THIRD DEFENSE

In the alternative, and subject to the allegations herein set forth above, the Defendant answers the specific allegations of Plaintiffs' Complaint as follows:

1.

The allegations contained in Paragraph 1 of the Plaintiffs' Complaint regarding the status of defendant are admitted. All remaining allegations contained therein, including any assertions of liability on the part of the Defendant, are denied.

2.

The allegations contained in Paragraph 2 of the Plaintiffs' Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

3.

The allegations contained in Paragraph 3 of the Plaintiffs' Complaint are denied as written.

4.

The allegations contained in paragraph 4 of the Plaintiffs' Complaint are denied as written.

5.

The allegations contained in the first sentence of Paragraph 5 of the Plaintiffs' Complaint are assertions of law. Assertions of law do not generally require an answer. To the extent that an answer is deemed necessary, the assertions of law contained therein are denied. All remaining allegations contained therein are denied as written.

6.

The allegations contained in Paragraph 6 of the Plaintiffs' Complaint are denied.

7.

The allegations contained in Paragraph 7 of the Plaintiffs' Complaint are denied.

8.

The allegations contained in Paragraph 8 of the Plaintiffs' Complaint are denied.

9.

The allegations contained in Paragraph 9 of the Plaintiffs' Complaint are assertions of law. Assertions of law do not generally require an answer. To the extent that an answer is deemed necessary, the assertions of law contained therein are denied.

10.

The allegations contained in Paragraph 10 of the Plaintiffs' Complaint are denied and denied as written.

11.

The allegations contained in Paragraph 11 of the Plaintiffs' Complaint are denied.

12.

The allegations contained in Paragraph 12 of the Plaintiffs' Complaint are denied and denied as written.

13.

The allegations contained in Paragraph 13 of the Plaintiffs' Complaint are denied.

14.

The allegations contained in Paragraph 14 of the Plaintiffs' Complaint are denied.

15.

The allegations contained in Paragraph 15 of the Plaintiffs' Complaint are assertions of law. Assertions of law do not generally require an answer. To the extent that an answer is deemed necessary, the assertions of law contained therein are denied.

16.

The allegations contained in Paragraph 16 of the Plaintiffs' Complaint are denied.

17.

The allegations contained in the first sentence of Paragraph 17 of the Plaintiffs' Complaint are assertions of law. Assertions of law do not generally require an answer. To the extent that an answer is deemed necessary, the assertions of law contained therein are denied. All remaining allegations contained in Paragraph 17 are denied.

18.

The allegations contained in Paragraph 18 of the Plaintiffs' Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

19.

The allegations contained in Paragraph 19 of the Plaintiffs' Complaint are denied.

20.

The allegations contained in Paragraph 20 of the Plaintiffs' Complaint are denied.

21.

The allegations contained in Paragraph 21 of the Plaintiffs' Complaint are denied.

22.

The allegations contained in Paragraph 22 of the Plaintiffs' Complaint are denied.

23.

The allegations contained in Paragraph 23 of the Plaintiffs' Complaint do not require an answer from the Defendant. To the extent that an answer is deemed necessary, all allegations contained therein are denied for lack of sufficient information to justify a reasonable belief therein.

24.

The allegations contained in Paragraph 24 of the Plaintiffs' Complaint do not require an answer from the Defendant. To the extent that an answer is deemed necessary, all allegations contained therein are denied.

AND NOW, and further answering in the alternative, defendant affirmatively pleads as follows:

## FOURTH DEFENSE

The Defendant answering herein submits that the Plaintiffs claims are frivolous, groundless, and unreasonable. As such they are entitled to an award against the Plaintiffs for all attorney's fees and costs expended in this matter pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, codified as 42 U.S.C.A. §1988(b) and as interpreted by *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983) and its progeny.

## FIFTH DEFENSE

None of the acts and/or actions by the Defendant violated any of the Plaintiffs constitutional or statutory rights. Moreover, all acts and actions by Defendant were within its legal authority and were taken in good faith, without malice, with reasonable cause, and with a sincere belief that said actions were legal and under laws believed to be constitutional in nature, and without any intention whatsoever to harm Plaintiff.

## SIXTH DEFENSE

None of the acts and/or actions by the Defendant support any type of valid *Monell* claim in this matter. *Monell v. New York City Dept. Of Social Services*, 436 U.S. 658 (1978). The defendant also pleads the defenses of unavoidable accident, aggressor doctrine; emergency

doctrine; set-off; lack of mitigation of damages; absolute, discretionary and/or qualified immunity; good faith; probable cause; public duty doctrine; assumption of the risk; and contribution.

### SEVENTH DEFENSE

Plaintiffs cannot meet their burden of showing that under 42 U.S.C. §1983 a "direct causal link" between the municipal action or omission and the deprivation of the federal rights (which is specifically denied). *Board of County Commissioners v. Brown*, 520 U.S. 397, 404 (1993). Further, the City was not the "moving force" behind the alleged deprivation. *Kentucky v. Graham*, 473 U.S. 159 (1985).

### EIGHTH DEFENSE

Even if there has been a violation of constitutional law by a subordinate, which is specifically denied, the City of Gonzales cannot be held liable under 42 U.S.C. §1983 solely on a *respondeat superior* theory of liability. *Board of County Commissioners*, 520 U.S. at 403.

### NINTH DEFENSE

None of the acts and/or actions by the Defendant warrant a finding of vicarious liability on the part of the City of Gonzales, and they do not support a claim under a theory of *respondeat superior* pursuant to state law.

### TENTH DEFENSE

Plaintiffs are not entitled to legal interest against the defendant.

### ELEVENTH DEFENSE

The Defendant pleads as an affirmative defense La. R.S. 9:2798.1 which states that liability shall not be imposed on public entities or their officers or employees based upon the exercise or

performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

**TWELFTH DEFENSE**

The Defendant pleads the comparative fault of Plaintiffs and/or that of other persons and entities, who are not parties to this instant matter. Accordingly, the injuries complained of are a result of the fault of the Plaintiffs and/or other third persons or entities. In the alternative, in the event that this Court finds any negligence and/or fault on the part of any of the Defendant, which is specifically denied, then the Defendant respectfully avers as an affirmative defense, the limitations set forth in Article 2324 of the Louisiana Civil Code under which it cannot be liable for more than any degree of fault assessed to it and that it cannot be solitarily liable with any other party or non-party.

**THIRTEENTH DEFENSE**

The Defendant specifically avers that the Plaintiffs has failed to mitigate any damages that they may have suffered, despite a legal duty to do so.

**FOURTEENTH DEFENSE**

Defendant pleads as an affirmative defense any and all applicable provisions of the Louisiana Governmental Claims Act (La. R.S. 13:5101, et seq.), specifically including the limitation of liability contained therein, as well as any and all other statutory or jurisprudential limitation of liability, costs, and interest available to them under the law.

**FIFTEENTH DEFENSE**

The defendant specifically avers any and all affirmative defenses specifically enumerated in Louisiana Code of Civil Procedure Article 1005 which are applicable to this case and/or any and all affirmative defenses recognized by this jurisprudence, and these are pled as if copied here

*in extenso* to the extent they apply; and specifically, La. R.S. 9:2800, La. R.S. 9:2792.4, La. R.S. 9:2798.1, La. R.S. 9:2798.4, La. R.S. 13:5105, La. R.S. 13:5106; La. R.S. 13:5112; and La. R.S. 42;1441, *et seq.* as to any specific state law claims, if applicable.

## SIXTEENTH DEFENSE

Plaintiffs are not entitled to recover punitive damages or penalties against the defendant sued in its official capacity and cannot recover due to defendant's inability to pay.

## SEVENTEENTH DEFENSE

The Defendant specifically pleads that the Defendant acted in good faith and complied with all laws of the State of Louisiana at all times pertinent herein.

## EIGHTEENTH DEFENSE

The Plaintiffs' allegations, even if proven, do not adequately disclose the deprivation of a protected federal constitutional right by the Defendant.

## NINETEENTH DEFENSE

The Defendant specifically denies both the extent and measure of damages alleged by the Plaintiffs in this proceeding and they specifically deny that it is in any manner legally liable for any of that amount.

## TWENTIETH DEFENSE

Louisiana Code of Civil Procedure Article 863 is pled herein to recover sanctions, attorney's fees, and costs should the allegations of any state law cause of action be found to be unfounded, uninvestigated or frivolous as to any specific state law claims.

**TWENTY-FIRST DEFENSE**

Defendant avers that plaintiffs' punitive damage claims are barred by the equal protection, excess fines, due process, and cruel and unusual punishment clauses of the United States and Louisiana constitutions, and as such are null and void.

To the extent permitted by law, the Defendant reserves its right to supplement and amend this Answer and to assert additional Affirmative Defenses as future discovery may warrant and require.

WHEREFORE, Defendant, the **City of Gonzales** prays that this Answer and Affirmative Defenses be deemed good and sufficient, and after due proceedings are had, that there be a judgment in favor of the Defendant and against the Plaintiffs, dismissing their lawsuit in its entirety with prejudice, at his costs, and with attorney's fees pursuant to 42 U.S.C. §1988.

**Respectfully submitted,**

s/ J. Scott Thomas
**J. Scott Thomas (La. Bar Roll No. 22635)**
Louisiana Municipal Association
6767 Perkins Road (70808)
Post Office Box 4327
Baton Rouge, Louisiana 70821
Telephone: (225) 344-5001
Facsimile: (225) 336-5277
Email: sthomas@lma.org
*Attorney for the City of Gonzales*

## **CERTIFICATE**

I hereby certify that on June 26, 2023, a copy of the above and foregoing Answer and Affirmative Defenses to Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to plaintiffs' and any counsel of record by operation of the court's electronic filing system.

s/ J. Scott Thomas
**J. SCOTT THOMAS**
